IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SANFORD : CIVIL ACTION
:
v. :
:
THEODORE B. SMITH, JR., et al. : NO. 13-1493

MEMORANDUM

PRATTER, J.                                                                   MARCH   , 2013

     Michael Sanford, a prisoner incarcerated at the State Correctional Institution at Greene, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Mr. Sanford's motion to proceed in forma pauperis. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g) without prejudice to Mr. Sanford reinstating the case by paying the filing fee.

     According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). Dismissals prior to the passage of the Prison Litigation Reform Act, which enacted § 1915(g), are included among a plaintiff's three strikes. See Ibrahim v. Dist. of Columbia, 208 F.3d 1032, 1036 (D.C. Cir. 2000); Keener v. Pa. Bd. of Prob. & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (per

curiam). "[S]trikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP." Byrd v. Shannon, — F.3d —, 2013 WL 870210, at *4 (3d Cir. Mar. 11, 2013).

Mr. Sanford accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. See Sanford v. Confidential Informant #1, Civ. A. No. 05-2532 (M.D. Pa.) (Document No. 22) (dismissing complaint for failure to state a claim); Sanford v. McCloskey, Civ. A. No. 96-893 (M.D. Pa.) (Document No. 4) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)); Sanford v. Bradley, Civ. A. No. 95-2055 (E.D. Pa.) (Document No. 24) (dismissing complaint for failure to state a claim).[1] Accordingly, Mr. Sanford may not proceed in forma pauperis unless he was in imminent danger of serious physical injury at the time he filed his complaint.

The complaint asserts claims pursuant to 42 U.S.C. § 1983, based on Mr. Sanford's allegations that his 1982 murder conviction is invalid, primarily due to an error in the jury

---

[1] In Sanford v. Bradley, Civ. A. No. 95-2055 (E.D. Pa.), plaintiff brought claims pursuant to 42 U.S.C. § 1983, based on his allegations that the defendants conspired to frame him or to withhold evidence from him, thereby resulting in his 1982 convictions for second-degree murder and related offenses. The Court held that plaintiff failed to state a claim upon which relief could be granted because his claims were time-barred and/or barred by Heck v. Humphrey, 512 U.S. 477 (1994). That dismissal constitutes a strike for purposes of § 1915(g). See Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011) ("[W]hether Mr. Smith's claims in Smith 2, 08cv219, were dismissed as premature under Heck or as time-barred based on his own allegations, they were dismissed for failure to state a claim, and the dismissal is a strike under § 1915(g).").

instructions. He alleges that the defendants – the judge who presided over his criminal trial, the prosecutor, several attorneys, and the Supervisor of the Clerk of Court – violated his rights by playing a role in securing his conviction, failing to prevent the alleged errors in his trial, and conspiring to bring about and/or maintain his allegedly unjust conviction and confinement. Nothing in the complaint reflects that Mr. Sanford was in imminent danger of serious physical injury at the time he filed this action. Accordingly, the Court will deny his motion to proceed in forma pauperis without prejudice to his reinstating this case by paying the filing fee.[2] An appropriate order follows.

---

[2] If Mr. Sanford pays the filing fee, the Court will screen his complaint pursuant to 28 U.S.C. § 1915A, to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. Mr. Sanford will not be entitled to the return of his filing fee, even if his action is dismissed. See Porter v. Dep't of Treasury, 564 F.3d 176, 179 (3d Cir. 2009); see also Heck, 512 U.S. at 486-87 ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]")(footnote and citation omitted).

3